## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:  James and Alicia Allegretti    ) | |
| ) | Case No.:   17-17844 |
| ) | Judge:   Goldgar |
| ) | Chapter:   13 |
| Debtors                                       ) | |

### DEBTORS' RESPONSE TO MOTION IN LIMINE OF WEBSTER BANK, N.A. TO EXCLUDE CERTAIN TESTIMONY AND DOCUMENTS FROM EVIDENCE

TO:

Marilyn O. Marshall, Trustee (via electronic notice)

United States Trustee (via electronic notice)

Lauren Newman, Esq. (via electronic notice)

James and Alicia Allegretti, 1556 Walters Avenue, Northbrook, IL  60062-4602

PLEASE TAKE NOTICE that on the 7th day of December, 2017, at 10:30 a.m. or as soon thereafter as counsel may be heard, we shall appear before Judge LaShonda A. Hunt in Courtroom 719 of the United States Bankruptcy Court, Everett McKinley Dirksen Building, 219 S. Dearborn St., Chicago, IL, or any other judge sitting in such judge's place and stead, and shall there and then present the attached RESPONSE TO MOTION IN LIMINE OF WEBSTER BANK, N.A. TO EXCLUDE CERTAIN TESTIMONY AND DOCUMENTS FROM EVIDENCE, a copy of which is attached hereto and is hereby served upon you.  You may appear and be heard if you choose.

/s/      Maura G. Zalc
Maura G. Zalc
Bernicky Law Firm
1700 Park St., Ste. 203
Naperville, IL  60563
(630) 909-9902
Fax: (630) 914-6946

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, does hereby certify that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, a copy of this Response to Motion in Limine of Webster Bank, N.A. to Exclude Certain Testimony and Documents from Evidence and a copy of the attached documents to be served upon the entities named above and the parties listed on the attached service list by depositing the same in the U.S. Postal Service's mail box at 1700 Park Street, Naperville, IL 60563 on December 4, 2017 before 6:00 P.M., except that the trustee, US Trustee and any other party indicated in the Notice of Filing were served electronically by the court on such date.

/s/     Maura G. Zalc
Maura G. Zalc

Maura G. Zalc
Bernicky Law Firm
1700 Park St., Ste. 203
Naperville, IL 60563
(630) 909-9902
maura@bernickylaw.com

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:  James and Alicia Allegretti ) | |
| ) | Case No.:   17-17844 |
| ) | Judge:   Goldgar |
| ) | Chapter:   13 |
| **Debtors**                ) | |

**DEBTORS' RESPONSE TO MOTION IN LIMINE OF WEBSTER BANK, N.A. TO EXCLUDE CERTAIN TESTIMONY AND DOCUMENTS FROM EVIDENCE**

James and Alicia Allegretti (the "Debtors"), by and through their undersigned attorneys, submit the within Response to the Motion of Webster Bank, N.A. to bar certain testimony and documents from evidence at the hearing scheduled for December 7, 2017, on the Motion to Determine the Value of Real Property: 1556 Walters Avenue, Northbrook, Illinois.   In support of this Response, debtors state as follows.

**RESPONSE TO BANK'S STATEMENT OF "BACKGROUND"**

1.     Admitted the Debtors filed a Motion to Determine the Value of Real Property on August 22, 2017, with a return date of September 12, 2017.  Denied that the Bank filed a timely response.  Apparently a response was filed by counsel for the Bank sometime during the evening of September 11, 2017, which response neither the court nor debtors' counsel had an opportunity to review prior to presentment of the Debtors' Motion on September 12, 2017.  Admitted that after considering the Debtors' Motion only the court entered a Final Pre-Trial Order on September 13, 2017, which provided for Discovery, said Discovery to be cut-off on November 22, 2017. (**Exhibit A** – Final Pre-Trial Order).

2.     This paragraph constitutes argument rather than "BACKGROUND".  The "previously undisclosed" comment is unfounded.  Counsel for the Bank served no Discovery – it

1

is hardly surprising that she was unaware as to what experts and documents the Debtors plan to rely upon until the time of exchange of Exhibits and Exhibit lists.

The Bank's footnote to paragraph 2 is offensive and blatant misrepresentation. Counsel for the Debtors received via e-mail on November 22, 2017 the Bank's Exhibits, and immediately reached out to counsel for the Bank to ensure that there would be no issues regarding the exchange of Exhibits, Witness lists and Exhibit Lists. As can be seen by the e-mail exchange attached as **Exhibit B**, counsel for the Bank deliberately refused to respond to Debtors' counsel's simple question, which was whether she was expecting the Exhibits in her office that day, or had understood, as had counsel for Debtors, that the Pre-Trial Order simply meant that all materials were to be sent out with a Proof of Service on that date (*See* Fed.R.Civ.P 5(b) – "Service: How Made. (2) Service in General. A paper is served under this rule by: (C) mailing it to the person's last known address – **in which event service is complete upon mailing**…." (emphasis provided) Counsel for Debtors clearly stated that to avoid any issues, if actual receipt were expected on that date, arrangements would be made for physical delivery. (**Exhibit B** – e-mails exchanged between November 22, 2017 and November 27, 2017) Counsel for the Debtors further e-mailed all documents contained within the Debtors' Exhibit binder, and witness and exhibit lists on November 22, 2017. (**Exhibit C** – e-mail of Debtors' counsel's assistant to Counsel for the Bank, attaching all documents). Despite the very simple and plain wording of Debtors' counsel's e-mail, the e-mailed Exhibit binder, Witness and Exhibit lists on November 22, 2017, and the tracking information which clearly reveals that the Exhibits were delivered to the mailroom of counsel for the Bank on November 25, 2017, counsel for the Bank deliberately misrepresents to this court in these moving papers that she did not receive the Debtors' binder of Exhibits until "late in the afternoon on November 27, 2017". (**Exhibit D**, Proof of Service dated November 22, 2017, with tracking number and – USPS tracking information).

3.      It is again difficult to understand why this paragraph was contained in a section of the brief entitled "BACKGROUND", which would presuppose the laying out of facts.  This paragraph is pure argument.  It will therefore be more properly addressed in the "ARGUMENT" section of this Response.

4.      Debtors' response to this paragraph is the same as in 3), above.

### RESPONSE TO BANK'S ARGUMENT

5.      Counsel for the Bank starts and ends her argument with the general proposition that "the relevant date for valuation of the properties is the petition date", and baldly cites a number of cases for her position that the only documents which may therefore be properly considered by this court are two appraisals, which according to her are the only documents relevant to the Evidentiary Hearing.  Debtors' counsel offers the following in response:

a.      The Pre-Trial Order did not limit the parties to one appraisal each.  Rather, the court's Order broadly permitted "Discovery", said Discovery to be cut-off on November 22, 2017. (**Exhibit A** – Final Pre-Trial Order)

b.      None of the cases cited by counsel for the Bank hold that Debtors' counsel may not introduce at the time of hearing documents and witnesses of relevance to the issue of property value.  *Briseno v. Mutual Federal Savings and Loan Association*, 496 B.R. 509 (Bankr. N.D. Ill. 2013), cited by the Bank, holds no differently.  In the *Briseno* case, counsel for the creditor argued that the debtors' expert testimony should be barred, because the appraiser who actually testified at the time of the hearing, and whose report was submitted in advance of the hearing, had not been disclosed on the witness list.  The court found that since the report had been supplied in advance of the hearing, there was no unfair surprise to creditor's counsel. *Briseno* at 516.    The court also commented "Valuation of assets is not an exact science; rather,

3

it requires consideration of all of the factual elements of a particular case (citing) *Hernandez*, 493 B.R. at 50." *Briseno* at 516.  The court in *Marsh v. U.S. Department of Housing & Urban Dev.*, 929F.Supp.2d 852 (N.D. Ill. 2013) holds no differently, nor does the court in *Darryl v. Brendan Fin. Inc. (In re Darryl)*, 495 B.R. 393 (Bankr. N.D. Ill. 2013), nor the court in *Hernandez v. TCF Banking & Savings (In re Hernandez)*, 493 B.R. 46 (Bankr. N.D. Ill. 2013).  In fact, the *Hernandez* court made the following comments regarding admissible evidence in a "lien-strip" case:  "Opinions have consistently held that valuation of assets is "not an exact science". (citations omitted).  Rather, "it requires consideration of the purpose of the valuation and all the factual elements of a particular case." (citations omitted)…."A judge should look to the accuracy, credibility and methodology employed by the appraisers." *Id*. (citing cases).  However, ***"[a] court is not bound by values determined by appraisals [and] may form its own opinion as to the value of the subject property…." Id.*** (citations omitted).

In the present case, the appraisal obtained by the Debtors and that obtained by the Bank were extremely far apart in value.  Therefore the Debtors, in order to obtain some clarity, turned to a third expert, whose particular expertise is in the comparison of appraisals.  The very simple conclusion this third expert reached was that there were problems with both appraisals.  The Debtors' appraiser, Mr. D'Alba, was off on his measurement of the property's square footage, which then caused him to then pull inappropriate comparative sales.  Mr. Shore, the Bank's appraiser, did measure the square footage correctly and pulled more appropriate comparative sales – but he failed to adjust his appraisal correctly for all the work that this extremely decrepit house requires before it can be put in average marketable condition.  In comparing the two appraisals and explaining all the issues, the third expert, Mr. Palm, is able to clarify what the correct value of the house is, and his opinion is relevant and valuable to the court in setting the correct house value.  It is moreover important to understand that Mr. Palm did not create a third

4

appraisal – he did not pull his own comparative sales.  He merely reviewed what both appraisers, who appraised the property within three months of the petition date, had done, explained where the discrepancies in both lay, and how the two could be reconciled and a conclusion reached as to proper value.

6.      Debtors' counsel will gladly further explain the relevance of each document contained within their Exhibit binder, should the court wish to entertain the same prior to the hearing, considering the Pre-Trial Order clearly stated at paragraph 4 "Relevance objections need not be listed and are reserved for trial". (**Exhibit A** – Final Pre-Trial Order, at paragraph 4)

7.      Debtors' counsel refers to prior paragraphs in response to the Bank's paragraph 7.

8.      Debtors' counsel refers to prior paragraphs in response to the Bank's paragraph 8.

9.      The Bank's counsel appears to be theorizing and attempting to confuse and cloud the issues in this paragraph, which builds on her prior relevance arguments, which as previously pointed out, are inappropriately contained within this Motion.

10.     The Bank's counsel appears to be making her closing arguments in this paragraph.  She also presupposes without qualifying herself as the same that she is an expert in appraising.  Counsel for the Debtors submits that testimony regarding how appraisals should be conducted should be left to the experts in the instant case.

11.     The Bank's counsel continues in this paragraph to make relevancy arguments, which have no proper place in these moving papers, as set forth in previous paragraphs.

**II.     Debtors' Response to Bank's claim that the report and proposed expert testimony of Sam Lorenzo are inadmissible as irrelevant.**

12.      Counsel for the Bank again argues relevancy.  Relevancy arguments were specifically reserved by Order of this court for trial. (**Exhibit A** – Final Pre-Trial Order, at paragraph 4)

5

13. Counsel for the Bank again argues relevancy. Relevancy arguments were specifically reserved by Order of this court for trial. (**Exhibit A** – Final Pre-Trial Order, at paragraph 4)

14. Counsel for the Bank again argues relevancy. Relevancy arguments were specifically reserved by Order of this court for trial. (**Exhibit A** – Final Pre-Trial Order, at paragraph 4)

### III. Debtors' Response to Bank's claim that the report and proposed expert testimony of Richard and Brian Palm are inadmissible as irrelevant and because they do not even purport to comply with industry-standard methodology.

15. The Debtors have identified Richard Palm, as an expert who will testify, as well as Brian Palm, as an expert who may testify.

16. Counsel for the Bank again argues relevancy. Relevancy arguments were specifically reserved by Order of this court for trial. (**Exhibit A** – Final Pre-Trial Order, at paragraph 4) Counsel for the Bank's opinions as to how or why this report may be used, and her opinions as to the soundness of any methodology contained therein, are her opinions which she may argue at trial and are not a basis for a proper Motion in Limine to determine admissibility.

> Judges have broad discretion when ruling on motions in limine. *Layng v. Jaime (In re Jaime)* Bankr. N.D.Ill 2017), at 3, citing *Fermazin*, 2017 U.S. Dist. LEXIS 49554 at 3 (further citations omitted). However, the motion's proponent bears a heavy burden. Evidentiary rulings ordinarily should not be made until trial where the court can resolve evidentiary issues in their "proper context". (*citing*) *Lupescu v. Napolitano*, 2011 U.S. Dist. LEXIS 37165, 2 (N.D. Ill. April 6, 2011) (citations omitted). *See also SmithKlineBeecham Corp. v. Apotx Corp.*, 247 F. Supp. 2d 1011, 1042 (N.D. Ill. 2003)(Posner, J.) ("In a bench trial it is an acceptable alternative to admit evidence of borderline admissibility, and give it the (slight) weight to which it is entitled.") aff'd on other grounds. *See also Bone Care Int'l, LLC v. Pentech Pharmaceuticals, Inc.*, 2010 U.S. Dist LEXIS 104549, 5 (N.D. Ill. September 30, 2010). Further, the ruling on a motion in limine is "essentially an advisory opinion" and preliminary. *Wilson v. Williams*, 182 F.3d 562, 570-71 (7th Cir. 1999), and subject to change. (*citing*) *Lupescu*, 2011 U.S. Dist. LEXIS 37165 at 2 (citing *Farfaras v. Citizens Bank & Trust of Chi.*, 433 F.3d 558, 565 (7th Cir. 2006). "Indeed even if nothing

6

unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling. *Luce v. United States*, 469 U.S. at 41-42, *In re Jaime* at pages 6-7.

17. Counsel for the Bank's 17th paragraph underscores the very reason why her long-drawn out and inappropriate Motion is so very inappropriate. The Court has not yet had the opportunity to ensure the foundation and reliability of any expert opinion in this case, and must be permitted the latitude to which it is entitled at trial to make these determinations.

18. Counsel for the Bank is again making arguments more appropriate for the time of trial, than for a Motion in Limine. This entire paragraph should be disregarded as an inappropriate subject for a Motion in Limine for the additional reasons expressed in preceding paragraphs.

19. Counsel for the Bank again appears to be giving expert testimony without the necessary qualifications. These arguments should be reserved for the time of trial.

20. Counsel for the Bank again appears to be giving expert testimony without the necessary qualifications. These arguments should be reserved for the time of trial.

21. Counsel for the Bank again appears to be giving expert testimony without the necessary qualifications. These arguments should be reserved for the time of trial.

22. Counsel for the Bank again appears to be giving expert testimony without the necessary qualifications. These arguments should be reserved for the time of trial.

23. Counsel for the Bank again argues relevancy. Relevancy arguments were specifically reserved by Order of this court for trial. (**Exhibit A** – Final Pre-Trial Order, at paragraph 4) Counsel for the Bank's opinions as to the soundness of any methodology contained therein, are her opinions which she may argue at trial and are not a basis for a proper Motion in Limine to determine admissibility.

## **CONCLUSION**

The Debtors respectfully request that Webster Bank's Motion be stricken in its entirety, and for such other and further relief as this Court deems just and proper.

/s/    Maura G. Zalc

Maura G. Zalc
Bernicky Law Firm, P.C.
1700 Park St., Ste. 203
Naperville, IL  60563
(630) 909-9902
Fax: (630) 914-6946

Maura G. Zalc
Bernicky Law Firm, P.C.
1700 Park St., Ste. 203
Naperville, IL 60563
(630) 909-9902
maura@bernickylaw.com